POLSTON, J.,
concurring in part and dissenting in part.
I respectfully dissent because, unlike the majority, I would adopt the Daubert standard as the Legislature amended the Florida Evidence Code in 2013.[17] The majority rejects replacing the Frye standard with the Daubert standard and gives its reason for doing so as “grave constitutional concerns” about the Daubert standard, including undermining the l'ight to a jury trial and denying access to courts. However, the United States Supreme Court decided Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993), in 1993, and the standard has been routinely applied in federal courts ever since. The clear majority of state jurisdictions also adhere to the Dau-bert standard. See 1 McCormick on Evidence § 13 (7th ed. June 2016 Supp.). In fact, there are 36 states that have rejected Frye in favor of Daubert to some extent. See Charles Alan Wright & Victor Gold, 29 Federal Practice and Procedure § 6267, at 308-09 n.15 (2016). Has the entire federal court system for the last 23 years as well as 36 states denied parties’ rights to a jury trial and access to courts? Do only Florida and a few other states have a constitutionally sound standard for the admissibility of expert testimony? Of course not.
As a note to the federal rule of evidence explains, “[a] review of the caselaw after Daubert shows that the rejection of expert testimony is the exception rather than the rule.” Fed. R. Evid. 702 advisory committee’s note to 2000 amendment. “Daubert did not work a ‘seachange over federal evidence law,’ and ‘the trial court’s role as gatekeeper is not intended to serve as a replacement for the adversary system.’” Id. (quoting United States v. 14.38 Acres of Land, 80 F.3d 1074, 1078 (5th Cir. 1996)).
Furthermore, I know of no reported decisions that have held that the Daubert standard violates the constitutional guarantees of a jury trial and access to courts. To the contrary, there is case law holding that the Daubert standard does not violate the constitution. See, e.g., Junk v. Terminix Int’l Co., 628 F.3d 439, 450 (8th Cir. 2010) (rejecting legal merit of the constitutional claim “that the district court violated [appellant’s] Seventh Amendment right to a jury trial by improperly weighing evidence in the course of its Daubert rulings” and explaining that “Junk does not cite any case for the notion that a proper Daubert ruling violates a party’s right to a jury trial”); E.I. du Pont de Nemours & Co. v. Robinson, 923 S.W.2d 549, 558 (Tex. 1995) (rejecting claim “that allowing the trial judge to assess the reliability of expert testimony violates [the parties’] federal and state constitutional rights to a jury trial by infringing upon the jury’s inherent authority to assess the credibility of witnesses and the weight to be given then' testimony”); see also Gen. Elec. Co. v. Joiner, 522 U.S. 136, 142-43, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997) (rejecting “argument that because the granting of summary judgment in this case was ‘outcome determinative,’ it should have been subjected to a more searching standard of review” and explaining that, while “disputed issues of fact are resolved against the moving party[,] ... the question of admis *1243 sibility of expert testimony is not such an issue of fact”).
Accordingly, the majority’s and the committee’s “grave constitutional concerns” regarding the Daubert standard are unfounded. We should adopt the Daubert standard as amended in the Florida Evidence Code by the Legislature in 2013.
CANADY, J., concurs.

. I agree with the majority’s decision to decline to adopt the same specialty and hearsay exception amendments.